SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
MAURICIO MELGAR,

                               Plaintiff,

          -against-

ROSARIO HERNANDEZ and UNITED CARGO
LOGISTICS INC.,

                             Defendants.
-------------------------------------------------------------------X

Index No.:
Date Purchased:

# SUMMONS

Plaintiffs designate Queens
County as the place of trial.

The basis of venue is:
*Plaintiff's Residence*

36-11 191st Street
Flushing, New York 11358

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       Queens, New York
                June 9, 2022

                                           _____
                                           Gary S. Park, Esq.
                                           LAW OFFICES OF GARY S. PARK, P.C.
                                           Attorneys for Plaintiff
                                           **MAURICIO MELGAR**
                                           39-01 Main Street Suite 608
                                           Flushing, New York 11354
                                           (718) 445-1300

To:     **ROSARIO HERNANDEZ**
          189 Paulison Avenue
          Passaic, New Jersey 07055

          **UNITED CARGO LOGISTICS INC.**
          620 S. Hacienda Boulevard
          City of Industry, California 91745

4430
HD

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
MAURICIO MELGAR,

                           Plaintiff,

          -against-

ROSARIO HERNANDEZ and UNITED CARGO
LOGISTICS INC.,

                         Defendants.
-----------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

      Plaintiff, **MAURICIO MELGAR**, by his attorneys, **LAW OFFICES OF GARY S. PARK, P.C.**, complaining of the Defendants, respectfully allege, upon information and belief that:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF MAURICIO MELGAR:

1. At all times herein mentioned, Plaintiff **MAURICIO MELGAR** was, and still is, a resident of the County of Queens, City and State of New York.

2. At all times herein mentioned, Defendant **ROSARIO HERNANDEZ** was, and still is, a resident of the County of Passaic, State of New Jersey.

3. At all times herein mentioned Defendant **UNITED CARGO LOGISTICS INC.** was a duly authorized corporation, duly organized and existing under and by virtue of the laws of the State of New York.

4. At all times herein mentioned, Defendant **UNITED CARGO LOGISTICS INC.** was, and still is a domestic corporation authorized to do business in the State of New York.

5. At all times herein mentioned, Defendant **UNITED CARGO LOGISTICS INC.** was, and still is, a foreign corporation authorized to do business in the State of New York or is otherwise subject to the jurisdictions of the Courts of the State of New York pursuant to CPLR §

4430
HD

302, VTL § 253, BCL § 306 or §307 and the case laws thereunder.

6. At all times herein mentioned, Defendant, **UNITED CARGO LOGISTICS INC.** expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

7. At all times herein mentioned, Defendant **UNITED CARGO LOGISTICS INC.** did and/or solicited business within the State of New York.

8. At all times herein mentioned, Defendant, **UNITED CARGO LOGISTICS INC.** derived substantial revenues from goods used or consumed or services rendered in the State of New York.

9. At all times herein mentioned, Defendant, **UNITED CARGO LOGISTICS INC.** derived substantial revenues from interstate or international commerce.

10. At all times herein mentioned, Defendant, **UNITED CARGO LOGISTICS INC.** was a duly organized partnership existing and doing business under the laws of the State of New York.

11. At all times herein mentioned, Defendant, **UNITED CARGO LOGISTICS INC.** was a duly organized proprietorship existing and doing business under the laws of the State of New York.

12. At all times herein mentioned, Defendant **ROSARIO HERNANDEZ** was the owner of a 2014 box truck motor vehicle bearing New Jersey State registration number XQXY4S.

13. At all times herein mentioned, Defendant **UNITED CARGO LOGISTICS INC.** was the owner of a 2014 box truck motor vehicle bearing New Jersey State registration number XQXY4S.

14. At all times herein mentioned, Defendant **ROSARIO HERNANDEZ** managed the

4430
HD

aforesaid motor vehicle bearing New Jersey State registration number XQXY4S.

15. At all times herein mentioned, Defendant **UNITED CARGO LOGISTICS INC.** managed the aforesaid motor vehicle bearing New Jersey State registration number XQXY4S.

16. At all times herein mentioned, Defendant **ROSARIO HERNANDEZ** maintained the aforesaid motor vehicle bearing New Jersey State registration number XQXY4S.

17. At all times herein mentioned, Defendant **UNITED CARGO LOGISTICS INC.** maintained the aforesaid motor vehicle bearing New Jersey State registration number XQXY4S.

18. At all times herein mentioned, Defendant **ROSARIO HERNANDEZ** controlled the aforesaid motor vehicle bearing New Jersey State registration number XQXY4S.

19. At all times herein mentioned, Defendant **UNITED CARGO LOGISTICS INC.** controlled the aforesaid motor vehicle bearing New Jersey State registration number XQXY4S.

20. At all times herein mentioned, Defendant **ROSARIO HERNANDEZ** operated the aforementioned motor vehicle bearing New Jersey State registration number XQXY4S.

21. At all times herein mentioned, Defendant **ROSARIO HERNANDEZ** operated the motor vehicle with the knowledge of Defendant **UNITED CARGO LOGISTICS INC.**

22. At all times herein mentioned, Defendant **ROSARIO HERNANDEZ** operated the aforementioned motor vehicle with the permission of the Defendant **UNITED CARGO LOGISTICS INC.**

23. At all times herein mentioned, Defendant **ROSARIO HERNANDEZ** operated the aforementioned motor vehicle with the consent of the Defendant **UNITED CARGO LOGISTICS INC.**

24. At all times herein mentioned, Defendant **ROSARIO HERNANDEZ** operated the aforementioned motor vehicle in the scope of his employment or business.

4430
HD

25. At all times herein mentioned, Defendant **ROSARIO HERNANDEZ** operated the aforementioned motor vehicle in the scope of his employment with Defendant **UNITED CARGO LOGISTICS INC**.

26. At all times herein mentioned, Defendant **ROSARIO HERNANDEZ** was an employee, representative, agent and/or servant of the Defendant **UNITED CARGO LOGISTICS INC**.

27. On or about April 15, 2021, Defendant **ROSARIO HERNANDEZ** was operating his vehicle.

28. On or about April 15, 2021, Defendant **ROSARIO HERNANDEZ** was operating a vehicle owned by **UNITED CARGO LOGISTICS INC**.

29. On or about April 15, 2021, Plaintiff **MAURICIO MELGAR** was operating a 2003 Nissan motor vehicle bearing New York State registration number HDB7270.

30. On or about April 15, 2021, the motor vehicle owned and operated by Defendant **ROSARIO HERNANDEZ** and the motor vehicle owned and operated by Plaintiff **MAURICIO MELGAR** were in contact.

31. On or about April 15, 2021, the motor vehicle operated by Defendant **ROSARIO HERNANDEZ** and owned by Defendant **UNITED CARGO LOGISTICS INC**. and the motor vehicle owned and operated by Plaintiff **MAURICIO MELGAR** were in contact.

32. On or about April 15, 2021, and at all times herein mentioned, the occurrence mentioned herein took place at or near Roosevelt Avenue and 95th Street, in the County of Queens, City and State of New York.

33. The aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendants without any fault or negligence on the part of the plaintiff contributing thereto.

4430
HD

34. Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless, and reckless under the circumstances then and there prevailing.

35. As a result of the aforesaid contact, Plaintiff **MAURICIO MELGAR** was injured.

36. By reason of the foregoing, Plaintiff **MAURICIO MELGAR** sustained severe and permanent personal injuries.

37. Plaintiff **MAURICIO MELGAR** was otherwise damaged.

38. Plaintiff **MAURICIO MELGAR** sustained serious injuries as defined by §5102 (d) of the Insurance Law of the State of New York.

39. Plaintiff **MAURICIO MELGAR** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

40. This action falls within one or more of the exceptions set forth in CPLR §1602.

41. By reason of the foregoing, Plaintiff **MAURICIO MELGAR** has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF MAURICIO MELGAR:

42. Plaintiff **MAURICIO MELGAR** repeats, reiterates and re-alleges each and every allegation contained above in paragraphs 1 through 40, inclusive as though set forth at length herein.

43. At all times herein mentioned, Plaintiff **MAURICIO MELGAR** was the owner of a 2003 Nissan motor vehicle bearing New York State registration number HDB7270.

4430
HD

NYSCEF DOC. NO. 1
Case 1:22-cv-04298-FB-RER   Document 1-1   Filed 07/21/22   Page 7 of 9 PageID #: 9
INDEX NO. 712331/2022
RECEIVED NYSCEF: 06/10/2022

44. As a result of the aforesaid contact, Plaintiff **MAURICIO MELGAR** sustained property damage.

Dated: Queens, New York
      June 9, 2022

_____
Gary S. Park. Esq.

4430
HD

## PLAINTIFF'S VERIFICATION

STATE OF NEW YORK

ss:

COUNTY OF QUEENS

**MAURICIO MELGAR**, being duly sworn, says:

I am the Plaintiff in the action herein: I have read the annexed **SUMMONS & COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

Dated: Queens, New York
       June 10, 2022

*Mauricio Melgar*
**MAURICIO MELGAR**

Sworn to before me this
10 day of June, 2022

_____
Notary Public

[Notary Seal: HELEN DING, NOTARY, NO. 01DI6368011, QUALIFIED IN QUEENS COUNTY, COMM. EXP. 12-18-2025, PUBLIC STATE OF NEW YORK]

4430
HD

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

MAURICIO MELGAR,

Plaintiff,

-against-

ROSARIO HERNANDEZ and UNITED CARGO LOGISTICS INC.,

Defendants.

# SUMMONS & VERIFIED COMPLAINT

LAW OFFICES OF GARY S. PARK, P.C.
Attorneys for Plaintiff
**MAURICIO MELGAR**
Office & P.O. Address
39-01 Main Street – Suite 608
Flushing, New York 11354
(718) 445-1300

TO:

Service of a copy of the within                                                                                  is hereby admitted.

Dated:

_____
Attorneys for

**NOTICE OF ENTRY:**
**PLEASE TAKE NOTICE** that the within is a true copy of an order entered in office of the Clerk of the above Court on

**NOTICE OF SETTLEMENT:**
**PLEASE TAKE NOTICE** that the within proposed order will be presented for settlement and entry at the Courthouse on          at 10:00 a.m. at the office of the Clerk of the Part of this Court where the within described motion was heard.

**CERTIFICATION**
I hereby certify that, to the best of my knowledge, information and belief, the presentation of **SUMMONS & VERIFIED COMPLAINT** and the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Dated:   Queens, New York
         June 9, 2022

_____
Gary S. Park, Esq.
Attorneys for Plaintiff
As Designated Above

4430
HD